IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ROGER TRENT MELCHOR,          )
                              )
        Petitioner,           )
                              )
     v.                       )     1:13CR28-1
                              )     1:14CV908
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )
```

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Court (per United States District Judge Thomas D. Schroeder) previously entered a Judgment against Petitioner imposing, inter alia, consecutive prison terms of 50 months and 24 months, as a result of his guilty plea to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (Docket Entry 59; see also Docket Entry 12 (Superseding Indictment); Docket Entry 30 (Factual Basis); Docket Entry 32 (Plea Agt.); Docket Entry 69 (Sent'g Hrg. Tr.); Docket Entry 70 (Plea Hrg. Tr.).)[1] The United States Court of Appeals for the Fourth Circuit affirmed. United States v. Melchor, 580 F. App'x 173 (4th Cir. 2014).[2]

Petitioner then timely filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion").

---

[1] Parenthetical citations refer to Petitioner's criminal case.

[2] Petitioner did not seek review by the United States Supreme Court. (Docket Entry 79, ¶ 9(g).)

(Docket Entry 79.)  The United States responded in opposition (Docket Entry 84) and Petitioner replied (Docket Entry 86).  He also filed a Motion for Summary Judgment.  (Docket Entry 87.)

Petitioner's Section 2255 Motion raises this lone claim: "Counsel at sentencing and on direct appeal provided inadequate assistance by failing to raise provisions of the Application Note to U.S.S.G. § 2B1.6."  (Docket Entry 79, ¶ 12.)[3]  Specifically, Petitioner argued as follows:

> Petitioner's sentence is a 74-month aggregated term of imprisonment consisting of a 50-month term for a conviction for conspiracy to commit bank fraud, and a statutory mandated consecutive 24-month term for aggravated identity theft.  The 50-month term was determined using the United States Sentencing Guidelines and includes <u>two-level enhancements for abuse of a position of trust and the number of victims involved</u>.
>
> Although counsel in [this] Court and at the Court of Appeals addressed [those two] enhancements, neither raised the instructions in the Application Note to U.S.S.G. § 2B1.6 as the basis for their objection. [Petitioner] had specifically requested that the application note's instruction be brought to the courts' attention.
>
> U.S.S.G. § 2B1.6, Application Note [2], provides in part:
>
>> Inapplicability of Chapter Two Enhancement.--
>> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, <u>do not apply any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence</u>

---

[3] That guideline provision governs the imposition of a sentence for aggravated identity theft under Section 1028A(a)(1). <u>See</u> U.S.S.G. § 2B1.6(a).

2

> for the underlying offense. A sentence under this guideline accounts for this factor for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).
>
> Giving effect to the application note's instruction would have resulted in a lower Total Offense Level from which [this] Court would have begun its assessment of the correct sentence to apply in this case. If the application note's instructions had been brought to [this] Court's attention, it is likely that [Petitioner] would have received a lower sentence; and if the matter had been raised on direct appeal, it is likely that the outcome of the appeal would have been different.

(Id. (emphasis added).)

Petitioner possessed a federal constitutional right to effective assistance of counsel in his federal criminal case. See U.S. Const. amend. VI; McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To establish constitutional ineffectiveness, Petitioner must show that his counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687–94 (1984). "Surmounting *Strickland*'s high bar is never an easy task . . . . [T]he standard for judging counsel's representation is a most deferential one." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted); see also United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014) ("To meet th[e prejudice] element of an ineffective assistance claim, [the defendant] would have to show that there is a reasonable

3

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different and that the result of the proceeding was fundamentally unfair or unreliable." (internal quotation marks omitted)).

By its plain terms, the commentary cited by Petitioner <u>only</u> prohibited the Court from including in Petitioner's offense level calculation for the bank fraud conspiracy "any specific offense characteristic for the transfer, possession, or use of a means of identification," U.S.S.G. § 2B1.6, cmt. n.2,[4] such as the two-level increase for "(i) unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification, or (ii) the possession of 5 or more means of identification that unlawfully were produced from, or obtained by the use of, another means of identification," U.S.S.G. § 2B1.1(b)(11)(C). That commentary thus did not preclude Petitioner's specific offense characteristic increase for number of victims, U.S.S.G. § 2B1.1(b)(2), much less his Chapter Three role adjustment for abuse of position of trust, U.S.S.G. § 3B1.3. <u>See</u> <u>United States v. Gonzales</u>, 844 F.3d 929, 932 (10th Cir. 2016) (reiterating "that 'the number of victims' is not an offense characteristic encompassed by application note 2 to § 2B1.6");

---

[4] Because the 2012 edition of the United States Sentencing Guidelines Manual applied at the time of Petitioner's sentencing on August 29, 2013, this Recommendation cites to that edition.

4

United States v. Ford, 784 F.3d 1386, 1397 (11th Cir. 2015) ("To the extent that [the defendant] argues that Application Note 2 to Section 2B1.6 . . . bars a sentencing enhancement under Section 2B1.1(b)(2) for the number of victims, we disagree."); United States v. Smith, 751 F.3d 107, 121 (3d Cir. 2014) ("Quite plainly, the victim enhancement under § 2B1.1(b)(2) is not an enhancement based on the use of a 'means of identification'; it is an enhancement based on the number of victims. Section 2B1.6 does not preclude application of the victim enhancement with respect to appellants' bank fraud offenses."); United States v. Anderson, 532 F. App'x 373, 378 (4th Cir. 2013) ("[The defendant] argues . . . that the number-of-victims enhancement does not apply to her because that enhancement is based on a specific offense characteristic, and the commentary to a separate Guidelines provision for aggravated identity theft, U.S.S.G. § 2B1.6 cmt. n.2, instructs a court to not apply any specific offense characteristic for the use of a means of identification when determining the sentence for the underlying offense if the defendant is also being sentenced for aggravated identity theft — as [the defendant] was here. . . . We decline to embrace [the defendant's] reasoning. Like all of our sister circuits to have considered the issue, we conclude instead that § 2B1.6 does not preclude a district court from imposing a number-of-victims enhancement in conjunction with a sentence for aggravated identity theft." (internal quotation

5

marks, ellipses, and some citations omitted) (citing United States v. Lyles, 506 F. App'x 440, 447 (6th Cir. 2012), United States v. Manatau, 647 F.3d 1048, 1057 n.4 (10th Cir. 2011), and United States v. Yummi, 408 F. App'x 537, 541 (3d Cir. 2010))); United States v. Bell, Civ. Action No. 13-5809, 2016 WL 3638116, at *5 n.2 (E.D. Pa. July 6, 2016) ("[T]he 'Role in Offense' enhancement is a Chapter Three Enhancement so that the language in U.S.S.G. 2B1.6 [barring Chapter Two enhancements for transfer, use, or possession of a means of identification] does not extend to the applied [role] enhancement." (internal citation omitted)), appeal dismissed, slip op. (3d Cir. Dec. 7, 2016); see also Brizard v. United States, No. 11 Civ. 6033(JGK), 2013 WL 1809636, at *5 (S.D.N.Y. Apr. 30, 2013) ("The petitioner contends that because he pleaded guilty to a violation of 18 U.S.C. § 1028A, Application Note Two to U.S.S.G. § 2B1.6 ('Note Two') prohibits any enhancements to his sentence. This is simply not correct. . . . Note Two only prohibits enhancements related to 'any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense' . . . .").[5]

---

[5] Petitioner's Reply also quotes a note in the commentary to Section 2B1.6 entitled "Inapplicability of Chapters Three and Four" and argues that it too "prevent[s] enhancing his offense for abuse of a position of trust or special skill." (Docket Entry 86 at 2 (quoting U.S.S.G. § 2B1.6, cmt. n.3).) That note, however, only concerns the guideline for an aggravated identity theft conviction under Section 1028A, not the guideline for any separate, underlying
(continued...)

6

Petitioner's ineffective assistance of counsel claim thus fails as a matter of law. See Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel [i]s not constitutionally ineffective in failing to [take action if] . . . it would have been futile for counsel to have done so . . . ."); Carter v. Lee, No. 99-10, 202 F.3d 257 (table), 1999 WL 1267353, at *11 (4th Cir. Dec. 29, 1999) (unpublished) ("Appellate counsel [is] not ineffective for failing to raise [an issue] on appeal [that] is plainly without merit."); see also Bell, 2016 WL 3638116, at *5 n.2 ("Because the application of the enhancement was appropriate, counsel was not ineffective for failing to raise a meritless claim."); Brizard, 2013 WL 1809636, at *5 ("Because the petitioner's reading of Note Two [in the commentary to Section 2B1.6] is incorrect, the failure [of his counsel] to challenge the [Chapter Three adjustment] was correct, and there is no meritorious ineffective assistance of counsel claim based on that calculation.").

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion for Summary Judgment (Docket Entry 87) and his Section 2255 Motion (Docket Entry 79) be denied, without certificates of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 26, 2017

---

[5](...continued)
offense of conviction (such as Petitioner's bank fraud conspiracy conviction). See U.S.S.G. § 2B1.6, cmt. n.3.