IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:13CR28-1 |
| ROGER TRENT MELCHOR, | ) | |
| Defendant, | ) | |
| and | ) | |
| MASTEC ADVANCED TECHNOLOGIES, | ) | |
| Garnishee. | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on pro se Defendant's paper-writing "object[ing] to garnishment by the U.S. Government" and "request[ing] a hearing." (Docket Entry 103 at 1 (standard capitalization applied).) For the reasons that follow, the request for a hearing will be denied and the objection should be denied.[1]

---

[1] Because Defendant's objection to garnishment effectively seeks to terminate an ancillary proceeding, the undersigned Magistrate Judge will enter a recommendation as to that matter. See United States v. Tyson, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003) (concluding that resolution of garnishment proceeding required final order by district judge). However, the undersigned Magistrate Judge will dispose of the request for a hearing by order. See United States v. Pettigrew, No. 3:10-CV-2142-M, 2011 WL 900545, at *1-2 (N.D. Tex. Mar. 14, 2011) (unpublished) (denying motion for hearing under 28 U.S.C. §§ 3202(d) and 3205(c)(5)).

## I. BACKGROUND

On September 18, 2013, the Court (per now-Chief United States District Judge Thomas D. Schroeder) signed a "Judgment in a Criminal Case" against Defendant, upon his conviction for "Conspiracy to Commit Bank Fraud" and "Aggravated Identity Theft" (Docket Entry 59 at 1), which includes, inter alia, an order to pay a $200 special assessment and $40,517.26 in restitution (see id. at 5).[2] The Judgment mandates payment of those amounts "immediately." (Id. at 6 (ordering "[l]ump sum payment of $40,717.26 due immediately"); see also Docket Entry 69 at 107-08 (orally ordering payment of both special assessment and restitution "immediately").) As of March 27, 2019, a balance of $36,499.26 remained outstanding. (Docket Entry 97 at 1; Docket Entry 98 at 2; Docket Entry 99 at 1.) Accordingly, upon application of the United States (Docket Entry 97), the Clerk issued a Writ of Continuing Garnishment to the Garnishee (Docket Entry 98) and sent Defendant a Notice "that a portion of [his] disposable earnings . . . is being garnished" (Docket Entry 99 at 1). The Garnishee answered that "Defendant was in [its] employ" and that it "anticipate[d] owing future earnings to [Defendant]." (Docket Entry 102 at 2.)

In response to the Notice, Defendant filed the instant paper-writing, which lists as "grounds" for his "objection to

---

[2] The United States Court of Appeals for the Fourth Circuit affirmed the Judgment. (See Docket Entry 75 at 4.)

garnishment" (Docket Entry 103 at 1 (standard capitalization applied)), the following:

> 1. Not enough money made per month
>    A. Company cutting back on jobs and employees
>    B. Bills exceeding monthly income
>    C. Currently paying debt, no need to garnish
>    D. Children (2) in home needs

(Id. (standard capitalization applied) (inconsistent punctuation omitted).) The United States responded that "Defendant's [o]bjection and [r]equest for a [h]earing should be denied because it fails to state [] non-frivolous bases for contesting the [] Writ of Garnishment. [ D]efendant's non-exempt wages are subject to garnishment." (Docket Entry 104 at 3; see also id. at 8 ("[D]efendant has not met his burden in establishing that any exemptions apply or that he is entitled to a hearing.").) Despite notice of his right to file a reply by June 11, 2019 (see Text Order dated May 21, 2019), Defendant did not file any reply (see Docket Entries dated May 21, 2019, to present).

## II. ANALYSIS

### A. Objection to Garnishment

"Orders for restitution may be enforced by the United States in the same manner as a judgment imposing a fine." United States v. Wilson, No. 1:03CR407-3, 2014 WL 297676, at *1 (M.D.N.C. Jan. 27, 2014) (unpublished) (Webster, M.J.) (citing 18 U.S.C. § 3664(m)(1)(A)(i)), recommendation adopted, slip op. (M.D.N.C.

-3-

Mar. 25, 2014) (Beaty, J.). "The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a); see also United States v. Diehl, 848 F.3d 629, 631-32 (5th Cir. 2017) ("The Government is authorized under 18 U.S.C. § 3613(a) to collect criminal fines and special assessments in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." (internal quotation marks omitted) (emphasis added)). In turn, federal law, i.e., the Federal Debt Collection Procedures Act ("FDCPA"), permits "[a] court [to] issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

"Once [a w]rit of [c]ontinuing [g]arnishment has been issued, a debtor may claim exemptions . . . ." Wilson, 2014 WL 297676, at *1. However, "[t]he sole exemptions available to a criminal debtor owing restitution are found in 18 U.S.C. § 3613(a)," United States v. Blondeau, No. 5:09-CR-117, 2011 WL 6000499, at *2 (E.D.N.C. Nov. 1, 2011) (unpublished), recommendation adopted, slip op. (E.D.N.C. Nov. 30, 2011), which states:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or

>    State law. Notwithstanding any other Federal law
>    (including section 207 of the Social Security Act), a
>    judgment imposing a fine may be enforced against all
>    property or rights to property of the person fined,
>    except that --
>
>     (1) property exempt from levy for taxes
>     pursuant to section 6334(a)(1), (2), (3), (4),
>     (5), (6), (7), (8), (10), and (12) of the
>     Internal Revenue Code of 1986 shall be exempt
>     from enforcement of the judgment under Federal
>     law;
>
>     (2) section 3014 of chapter 176 of title 28
>     shall <u>not</u> apply to enforcement under Federal
>     law; and
>
>     (3) the provisions of section 303 of the
>     Consumer Credit Protection Act (15 U.S.C.
>     1673) [(the "CCPA")] shall apply to
>     enforcement of the judgment under Federal law
>     or State law.

18 U.S.C. § 3613(a) (emphasis added).

Given those limitations, Defendant has not shown (and cannot show) a basis for objection to the Writ of Continuing Garnishment. <u>See generally</u> <u>United States v. Page</u>, No. 1:13CV119, 2013 WL 2945070, at *5 (N.D.W. Va. June 14, 2013) (unpublished) ("A debtor who contests a writ of garnishment bears the burden of showing he is entitled to an exemption."). First, subpart (1) of subsection 3613(a) "indicates that the only exemptions for the criminal debtor owing restitution are set out in the referenced provisions of 26 U.S.C. § 6334(a) of the Internal Revenue Service Code." <u>United States v. Lazorwitz</u>, 411 F. Supp. 2d 634, 637 (E.D.N.C. 2005). Those exemptions consist of:

-5-

> (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act.

United States v. Jenkins, No. 3:05CR244, 2014 WL 202007, at *2 (E.D. Va. Jan. 17, 2014) (unpublished); accord 26 U.S.C. § 6334(a)(1)-(8), (10), (12)). Here, the Writ of Continuing Garnishment does not seek to garnish any such items, but instead seeks only a proper share of Defendant's earnings. (See Docket Entry 98 at 1-3.) Second, "[t]he plain language of subpart (2) [of subsection 3613(a)] excludes the exemptions provided for under the under the [FDCPA] and is not at issue in this case." Blondeau, 2011 WL 6000499, at *3. Third, subpart (3) of subsection 3613(a) places a 25% limit on garnishment of "disposable earnings," 15 U.S.C. § 1673(a), which the Writ of Continuing Garnishment incorporates (see Docket Entry 98 at 2).

Accordingly, the Court should deny Defendant's objection and order the Garnishee to comply with the Writ of Continuing Garnishment by paying over Defendant's subject earnings.

## B. Request for Hearing

Defendant requested a hearing. (Docket Entry 103 at 1.) The FDCPA authorizes a debtor to request a hearing on a writ of

garnishment, 28 U.S.C. § 3202(d), but imposes significant limitations on the issues subject to a hearing; specifically,

> [t]he issues at such hearing shall be limited --
>
> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to --
>
> > (A) the probable validity of the claim for the debtor which is merged in the judgment; and
> >
> > (B) the existence of good cause for setting aside such judgment.

Id. Courts routinely deny a request for "hearing where the debtor did not object based on one of the issues specified in [section 3202], where the objection is plainly without merit, or where the objection is simply a matter of statutory interpretation." Page, 2013 WL 2945070, at *4 (brackets in original) (internal quotation marks omitted) (denying request for hearing and collecting cases).[3]

---

[3] A criminal defendant subject to garnishment also may request a hearing to object to a garnishee's "answer." 28 U.S.C. § 3205(c)(5); see also United States v. Womack, No. 1:12CR176-1, 2014 WL 1757366, at *2 n.1 (M.D.N.C. Apr. 30, 2014) (unpublished) (observing that "[a] hearing pursuant to 28 U.S.C. § 3202(d) to quash a writ of garnishment is distinct from a hearing pursuant to 28 U.S.C. § 3205(c)(5), in which a debtor may challenge the information provided by a garnishee"), recommendation adopted, slip
(continued...)

-7-

Here, Defendant's instant paper-writing neither raises a claim of non-compliance with any statutory requirement, see 28 U.S.C. § 3202(d)(2), nor contends that his restitution resulted from a default, see 28 U.S.C. § 3202(d)(3). (See Docket Entry 103 at 1.) Moreover, as noted in the prior subsection, Defendant has not raised any viable exemption. Under these circumstances, the Court will not hold a hearing. See, e.g., United States v. Karadzhova, No. 3:12-cr-36, 2013 WL 4026903, at *1 (W.D.N.C. Aug. 7, 2013) (unpublished) (denying hearing request because "there [wa]s no valid exemption that applie[d] to [the] [d]efendant," he did not challenge the United States' compliance with the statutory requirements in seeking a writ, and the judgment did not arise from default); United States v. Bullock, No. 3:03CR218, 2011 WL 486233, at *2 (W.D.N.C. Feb. 7, 2011) (determining that the defendant "[wa]s not . . . entitled to . . . a hearing" where he "raised no valid objection to the [w]rit"); United States v. Taylor, No. 2:99CR13, 2007 WL 87746, at *2 (W.D.N.C. Jan. 9, 2007) (declining to hold a hearing where the defendant's claimed exemption did "not

---

[3](...continued)
op. (M.D.N.C. June 11, 2014). In this case, Defendant's instant paper-writing asserts no objection to the Garnishee's Answer. (See Docket Entry 103 at 1.) Defendant thus possesses no right to a hearing under section 3205(c)(5). See Page, 2013 WL 2945070, at *5 (declining to hold a hearing under section 3205(c)(5) because the defendant's "request for hearing was not in response to the garnishee's answer").

-8-

relate to the [property]" the United States sought to garnish and "[t]here [wa]s no issue concerning [an] exemption").

### III. CONCLUSION

In sum, Defendant has not presented a valid objection to garnishment and has not shown entitlement to a hearing.

**IT IS THEREFORE ORDERED** that Defendant's request for a hearing (Docket Entry 103 at 1) is **DENIED.**

**IT IS RECOMMENDED** that Defendant's objection (id.) be denied and that the Garnishee be ordered to remit to the United States all wages subject to the Writ of Continuing Garnishment (Docket Entry 98).

        /s/ L. Patrick Auld
        **L. Patrick Auld**
        **United States Magistrate Judge**

January 25, 2021